UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON ARMSTEAD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13629** |
| **CITY OF NEW ORLEANS AND STATE OF LOUISIANA** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court are Defendant State of Louisiana's Motion to Dismiss (Doc. 8) and Defendant City of New Orleans's Motion to Dismiss (Doc. 11). For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

On August 5, 2016, Plaintiff Milton Armstead filed this *pro se* civil action pursuant to 42 U.S.C. §§ 1983 and 1985 claiming lifelong systematic discrimination at the hands of the Defendants, the City of New Orleans and the State of Louisiana, which culminated in his wrongful arrest, prosecution, and conviction. Plaintiff seeks declaratory relief and damages.

Plaintiff claims his Constitutional rights were violated when police entered and searched his home, seizing certain incriminating items that led to his arrest and conviction. He argues that his conviction was part of a larger scheme to incarcerate African-Americans to generate certain revenue and

1

benefits for various political figures, and he concludes that such a system is tantamount to modern day slavery.

Defendant State of Louisiana has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant City of New Orleans has filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court will address each argument in turn.

## **LEGAL STANDARD**

### **A. Lack of Subject Matter Jurisdiction**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.[1] Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[2] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[3] Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.[4]

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.[5] This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice.[6] The

---

[1] Fed. R. Civ. P. 12(b)(1).
[2] *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).
[3] *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995).
[4] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).
[5] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).
[6] *Id.*

court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.[7] In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact that may be in dispute.[8]  Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief.[9]

### B. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[10]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[11] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[12]  The Court need not, however, accept as true legal conclusions couched as factual allegations.[13]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[14]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not suffice.[15]   Rather, the complaint must contain enough factual

---

[7] *Id.*

[8] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[9] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[11] *Iqbal*, 129 S.Ct. at 1949.

[12] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[13] *Iqbal*, 129 S.Ct. at 1949–50.

[14] *Id.*

[15] *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 127 S.Ct. at 1955).

allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[16] The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[17]

## LAW AND ANALYSIS

### A. Lack of Subject Matter Jurisdiction

Defendant, the State of Louisiana, contends that it is entitled to sovereign immunity from suit under the Eleventh Amendment. The Eleventh Amendment prohibits an individual from suing a state in federal court "unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity."[18] Courts will find a waiver "only where stated by the most express language or by such overwhelming implications for the text as will leave no room for any other reasonable construction."[19] The United States Supreme Court has held that Congress did not abrogate the States' sovereign immunity in passing Section 1983.[20]

By statute, the State of Louisiana has not waived its sovereign immunity from suits brought in federal court based on violations of "constitutional, civil and human rights."[21] As such, a suit in federal court in which a state or one of its agencies or departments is named as defendant is proscribed by the

---

[16] *Lormand*, 565 F.3d at 255–57.

[17] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

[18] *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002).

[19] *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).

[20] *Id.* at 673.

[21] "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." LA. REV. STAT. 13:5106(A); *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997).

4

Eleventh Amendment.[22] In addition, the doctrine of *Ex Parte Young* is applicable only to suits against state officials and thus does not apply here to allow a suit for prospective relief against the State of Louisiana.[23] Accordingly, the State of Louisiana is entitled to sovereign immunity from Plaintiffs' claims, and those claims are therefore dismissed with prejudice for lack of subject matter jurisdiction.

### B. Failure to State a Claim

Next, the City of New Orleans ("the City") argues that Plaintiffs' Complaint fails to state a claim under either § 1983 or § 1985. In its Motion, the City fairly outlines the allegations of Plaintiff's Complaint:

> Plaintiff alleges a wide-ranging conspiracy of disenfranchisement and functional slavery against the Orleans Parish Criminal Justice System in violation of 42 U.S.C. Section 1983. Plaintiff claims he was unduly convicted in 1975 and enslaved in prison by the City and State of Louisiana. He also alleges the income disparity and poor conditions of many African Americans in New Orleans is due to the City's treatment of slaves and their descendants. He contends the City violated his Fourth Amendment rights by unreasonably searching and seizing his property during the investigation of his criminal charge in 1975. Plaintiff further alleges he was deprived of his Fourteenth Amendment due process rights during his criminal investigation prosecution, leading to wrongful conviction. Among other reasons, Plaintiff also believes his criminal appeal to the Louisiana Supreme Court was flawed because the trial court did not conduct a full and fair Fourth Amendment hearing.
>
> Plaintiff also complains of Louisiana's majority jury verdict system, *Brady* violations by the former Orleans Parish District Attorney, the use of eye witness identifications, the failure of the Clerk of the Orleans Parish Criminal District Court to produce records related to his criminal conviction, and the lack of retroactive application of the wrongful conviction and imprisonment compensation statute. To Plaintiff, many of these

---

[22] *Evans v. Dept. of Hous. and Urb. Dev.*, No. 03-2411, 2004 WL 179193, at *3–4 (E.D. La. Jan. 28, 2004).

[23] *See Ex parte Young*, 209 U.S. 123 (1908).

practices—combined with Louisiana's dark racial legacy from the Black Codes through Jim Crow—"continue the disenfranchisement" of local African-Americans. Plaintiff also accuses the City of direct involvement in treating African-Americans and Plaintiff "as if they have no rights." Finally, Plaintiff alleges his son was unfairly arrested, prosecuted, and punished by the local criminal justice system.

Plaintiff requests the release of his record from his criminal case. In addition, he also seeks a declaratory judgment stating his Fourth Amendment rights were violated, that the City and State of Louisiana failed to adequately train and supervise employees, and that the City has failed to compensate slaves and their descendants or allow them to inherit undisposed ancestral property. Finally, Plaintiff seeks a declaration that he and his son were wrongfully convicted and that the wrongful conviction and imprisonment statute is unconstitutional. He also requests attorney's fees.[24]

Pro se complaints are "construed liberally,"[25] and they are "held to less stringent standards than formal pleadings drafted by lawyers."[26] However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss.[27] This Court will consider Plaintiff's claims in turn.

### 1. 42 U.S.C. § 1983

Plaintiff brings an action under 42 U.S.C. § 1983 for violations of his civil rights. This statute provides a civil remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory."[28] Put differently, "[t]o state a claim under § 1983,

---

[24] Doc. 11-1.
[25] *Johnson v. Watkins*, 999 F.2d 99, 100 (5th Cir. 1993).
[26] *Taylor v. Books a Million, Inc.* 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 987 (5th Cir. 1981).
[27] *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). *See also S. Christian Leadership Conf. v. Sup. Ct. of La.*, 252 F. 3d 781, 786 (5th Cir. 2001).
[28] 42 U.S.C. § 1983.

plaintiffs must allege two elements: first that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law."[29]

Plaintiff's claims that his Fourth Amendment rights were violated when police conducted an unreasonable search of his home, seizing certain items that led to his arrest and conviction. Additionally, he alleges that his Fourteenth Amendment Due Process rights were violated when he was denied a full and fair Fourth Amendment hearing in his criminal appeal to the Louisiana Supreme Court.

Defendant points out that any claim under § 1983 in relation to Plaintiff's 1975 arrest and conviction has long prescribed. Indeed, the applicable prescriptive period to § 1983 claims in Louisiana is one year. "Because there is no federal statute of limitations for § 1983 claims, the district court looks to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage."[30] Plaintiff's Complaint clearly states that he was convicted in 1975 and imprisoned until 1995. Accordingly, any claim alleging constitutional violations arising out of that arrest, conviction, or incarceration has long since prescribed. "When a petition reveals on its face that prescription has run, the plaintiff has the burden of showing why the claim has not prescribed."[31]

Plaintiff argues that the doctrine of contra non valentem applies to suspend the running of prescription on these claims. Specifically, he broadly argues that racism and corruption prevented him from bringing his claims.

---

[29] *Doe v. Rains County Ind. School Dist*, 66 F.3d 1402, 1406 (5th Cir. 1995).
[30] *Carroll v. Gusman*, No. 06-9031, 2009 WL 2949997, at *3 (E.D. La. Sept. 10, 2009) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)).
[31] *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994).

7

The doctrine of contra non valentem, however, only applies in "exceptional circumstances."[32] Plaintiff has not alleged any specific force beyond his control that prevented him from filing suit for the past decade. Such conclusory allegations are insufficient to invoke the doctrine of contra non valentem.[33] Accordingly, all of Plaintiffs' allegations regarding constitutional violations arising out of his 1975 arrest, conviction, and incarceration have prescribed and are dismissed with prejudice.

### 2. Municipal Liability under § 1983

Plaintiff next claims that the City of New Orleans is liable for its mistreatment of African Americans and for its failure to properly train and supervise its employees. In order to bring these claims of municipal liability, Plaintiff must allege three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."[34] Plaintiff has not satisfied any of these requirements. While Plaintiff outlines his perception of the impact of certain laws on the African American community, he does not allege facts suggesting that this impact is the result of a policy that has been adopted by some policymaker in the City. "[E]ach and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff."[35] Plaintiff's Complaint is devoid of any specific facts supporting these claims.

### 3. 42 U.S.C. § 1985

Plaintiff next alleges a conspiracy claim under § 1985.

> To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in

---

[32] *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010).
[33] *See Kirby v. Field*, 923 So. 2d 131, 137 (La. App. 1 Cir. 2005).
[34] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).
[35] *Id.* at 579.

furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. In so doing, the plaintiff must show that the conspiracy was motivated by a class-based animus.[36]

"The essence of a conspiracy is an understanding or agreement between the conspirators."[37] "Plaintiffs who assert claims under . . . § 1985, must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient. Equal specificity is required when a charge of conspiracy is made."[38]

Plaintiff's § 1985 claim is inadequately pled because he fails to disclose any operative facts demonstrating an understanding or agreement between Defendants to interfere with his civil rights. Accordingly, this claim is dismissed.

### 4. Miscellaneous Claims

Finally, Plaintiff's Complaint takes issue with Louisiana's majority jury verdict system. Such a claim is not, however, properly brought against the City of New Orleans.[39] In addition, Plaintiff raises concerns about the unconstitutional conviction of his son. Plaintiff's son—and not Plaintiff—is the proper party to seek recovery for such an injury. Accordingly, these claims are likewise dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**. All claims against Defendant State of Louisiana are **DISMISSED WITH PREJUDICE**. Plaintiff's § 1983 claims arising out of his

---

[36] *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994).
[37] *Holdiness v. Stroud*, 808 F.2d 417, 424–25 (5th Cir. 1987) (citations omitted).
[38] *Id.* at 424 (citations omitted).
[39] *See Ex parte Young*, 209 U.S. 123, 151 (1908).

9

1975 arrest, conviction, and incarceration are likewise **DISMISSED WITH PREJUDICE**. All other claims are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff shall amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein and state a claim upon which relief can be granted.

New Orleans, Louisiana this 2nd day of December, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**