UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MILTON ARMSTEAD                                    CIVIL ACTION

VERSUS                                             NO: 16-13629

CITY OF NEW ORLEANS AND                            SECTION: "H"(2)
STATE OF LOUISIANA

## ORDER AND REASONS

Before the Court are Plaintiff's Motion for Reconsideration (Doc. 16), Defendant's Motion to Dismiss (Doc. 17), and Plaintiff's Motion for Leave to Request Reconstruction of Record (Doc. 23). Plaintiff's Motion for Reconsideration is DENIED, and the case is DISMISSED WITH PREJUDICE. All other Motions are DENIED AS MOOT.

1

## BACKGROUND

On August 5, 2016, Plaintiff Milton Armstead filed this *pro se* civil action pursuant to 42 U.S.C. §§ 1983 and 1985 claiming lifelong systematic discrimination at the hands of the Defendants, the City of New Orleans and the State of Louisiana, culminateing in his wrongful arrest, prosecution, and conviction. Plaintiff sought declaratory relief and damages.

Plaintiff claimed his Constitutional rights were violated when police entered and searched his home, seizing certain incriminating items that led to his arrest and conviction. He argued that his conviction was part of a larger scheme to incarcerate African-Americans to generate certain revenue and benefits for various political figures, and he concludes that such a system is tantamount to modern day slavery.

Defendants State of Louisiana and City of New Orleans filed Motions to Dismiss the claims against them. This Court held that the State of Louisiana was entitled to sovereign immunity and the claims against it were dismissed with prejudice; that Plaintiff's § 1983 claims arising out of his 1975 arrest, conviction, and incarceration were prescribed and therefore dismissed with prejudice; and that Plaintiff had failed to state a claim for municipal liability, conspiracy under § 1985, or otherwise. Plaintiff was granted leave to amend his Complaint in the event that he could remedy the deficiencies identified with respect to the latter claims. Despite requesting additional time within which to amend, Plaintiff failed to amend his Complaint. Instead, Plaintiff filed the instant filing, which this Court has construed as a Motion for Reconsideration. Defendants, however, apparently interpreted Plaintiff's filing

as an amended complaint and moved to dismiss such. Plaintiff has also filed a motion entitled, "Motion for Leave to Again Request Reconstruction of Record."

## **LEGAL STANDARD**

Courts in this District generally analyze motions to reconsider interlocutory orders under Rule 59(e).[1] A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[2] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[3] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[4] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[5] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[6]

---

[1] *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 n.54 (E.D. La. Apr. 5, 2010) (collecting cases); *Gulf Fleet*, 282 F.R.D. at 152 n.40 (same).
[2] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[3] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).
[4] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[5] *Templet*, 367 F.3d at 479 (citations omitted).
[6] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

## LAW AND ANALYSIS

Plaintiff's Motion for Reconsideration identifies neither a manifest error of law nor newly discovered evidence. Plaintiff's filing merely reasserts and expounds upon the claims made in his Complaint. All of the arguments made therein could have been offered in his opposition to Defendants' Motions to Dismiss. Even so, none of the arguments cause this Court to change its position and none remedy the deficiencies in Plaintiff's claims identified by this Court's prior order. Accordingly, Plaintiff's Motion for Reconsideration is denied. Because Plaintiff failed to amend his Complaint within the time provided by this Court, his claims are dismissed with prejudice.[7] All other pending motions are therefore mooted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED, and the case is DISMISSED WITH PREJUDICE. All other Motions are DENIED AS MOOT.

New Orleans, Louisiana this 12th day of May, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[7] Defendants interpreted Plaintiff's filing as an amended complaint and moved to dismiss such. Even if this Court had construed the filing as an amended complaint, the filing failed to remedy any of the deficiencies identified by this Court in its dismissal and therefore Plaintiff's claims would still have been dismissed with prejudice.